UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RAMSEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. ALPHONSO SWABY, et al.,<br><br>　　　　Defendant. | NO. CV 16-9615-VBF (AGR)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT RECOMMEND DENIAL OF REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES |

The court orders Plaintiff to show cause on or before **March 14, 2017,** why this court should not recommend denial of his request to proceed without prepayment of filing fees.

## DISCUSSION

**A.　Legal Standard**

To state a claim under the Eighth Amendment for inadequate medical care, a plaintiff must allege acts or omissions that constitute deliberate indifference to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff is advised that "[a] difference of opinion between a physician and a prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quotation and citation omitted). Instead:

> [t]o show deliberate indifference, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that the defendants "chose this course in conscious disregard of an excessive risk to the plaintiff's health.

*Id.*; *see also Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) ("state prison authorities have wide discretion regarding the nature and extent of medical treatment").

**B.     Analysis**

The complaint's allegations and exhibits allege differences of opinion between a neurologist at Calipatria state prison, who prescribed shoe inserts in August 2012, and (1) Dr. Cheng-Wu at CSP-LAC, who gave Plaintiff a medical chrono that excluded shoe inserts and assessed Plaintiff as a medium risk patient rather than a high risk patient in November 2012 and (2) Dr. Marcello at CSP-LAC, who gave Plaintiff a medical chrono that did not contain medical devices and assessed Plaintiff as a low risk patient in April 2013. (Compl. at 5-6.)

Plaintiff's complaint about his grievances also allege differences of opinion. Plaintiff alleges that, in his opinion, only a neurologist should have interviewed Plaintiff. According to the complaint, Dr. Swaby conducted an examination at the first level in 2015 that Plaintiff believes was insufficient. Dr. Morris, at the first level, wrongly found no reason to modify the decision regarding shoe inserts based on medical necessity. Dr. Francis claimed to have checked the computer back to 2012 but found no prescription for shoe inserts. P. Finander, the chief medical executive, did not find that Plaintiff had a medical prescription for shoe inserts.

2

As discussed above, a difference of opinion between medical professionals – or between Plaintiff and a medical professional – as to appropriate medical care is insufficient to state a claim for deliberately indifferent medical care. *Hamby*, 821 F.3d at 1092; *Franklin v. State of Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between prisoner and prison medical authorities). Plaintiff must allege sufficient facts to show that the course of treatment doctors chose was medically unacceptable under the circumstances and that defendants chose this course in conscious disregard of an excessive risk to Plaintiff's health. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). The complaint's current allegations are insufficient. *E.g., Whitney v. Walker*, 631 Fed. Appx. 493, 494 (9th Cir. 2016) (affirming dismissal).

## **ORDER**

For the foregoing reasons, IT IS ORDERED THAT Plaintiff shall show cause in writing, by no later than **March 14, 2017**, why the court should not recommend that the request to proceed without prepayment of fees be denied.

Instead of filing a response to this order to show cause, Plaintiff may file a First Amended Complaint that cures the deficiencies identified in this order. If Plaintiff chooses to file a First Amended Complaint, it must be filed no later than **March 14, 2017;** bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself, without reference to the original complaint, or any other pleading, attachment or document. Plaintiff is free to attach additional pages to the form. The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form.

If Plaintiff fails to file a response to this order to show cause or a First Amended Complaint on or before **March 14, 2017**, this court may recommend that his request to proceed without prepayment of fees be denied.

DATED: February 14, 2017

  /s/ Alicia G. Rosenberg
  ALICIA G. ROSENBERG
  United States Magistrate Judge