UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD RAMSEY,** | **NO. LA CV 16-09615-VBF (AGR)** |
| Plaintiff, | **ORDER** |
| v. | **Dismissing Action Without Prejudice;** |
| DR. ALPHONSO SWABY et al., | **Permitting Plaintiff to File First Amended Complaint By June 19, 2017** and Warning of Possible Dismissal With Prejudice If He Fails to Do So |
| Defendants. | |

**Proceeding pro se, Ronald Ramsey ("plaintiff") filed a civil-rights complaint in December 2016 against seven physicians at California State Prison – Los Angeles County ("CSP-LA"):** Drs. Morris, Francis, Finander, Swaby, Marcello, Wu, and Chin. Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court has screened the complaint to determine whether it fails to state a claim. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1). On PLRA screening, a complaint may be dismissed because it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted). Moreover, a pro se complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a pro se complaint for failure to state a claim, the Court should give plaintiff a list of the complaint's deficiencies and afford him an opportunity to amend unless it is clear that the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## ALLEGATIONS REGARDING RAMSEY'S MEDICAL CARE IN PRISON

When Plaintiff was housed at Calipatria, he was prescribed shoe inserts and received a corresponding "chrono" dated August 2, 2012. (Compl. at 5-6; *see* Dkt. No. 9 at 5.) The letter "P" was circled indicating the accommodation was "permanent." The form states that "[c]hronos indicating permanent accommodations shall be reviewed annually" and that "[t]his form shall be honored as a permanent chrono at all institutions." (*Id.*) "A new form shall be generated when a change to an accommodation is required." (*Id.*) Plaintiff appears to allege that a neurologist prescribed the shoe inserts. (*Id.* at 7.) Nurses informed Plaintiff in October 2012 that the prison was "out of stock." (*Id.* at 5.)

In November 2012, before getting inserts, plaintiff was transferred to CSP-LA. Comp. at 5. On November 27, 2012, Wu examined plaintiff and issued a chrono that "excluded my show inserts and other medical devices" and categorized him as "medium medical risk" instead of high risk. Plaintiff alleges that "here at Lancaster they just strip inmates of all or most of the devices that's on other chronos from other institutions." *See id.* at 5-6.

On April 30, 2013, Dr. Marcello excluded all medical devices and categorized Plaintiff as a low medical risk. *Id.* at 6. On June 3, 2013, Marcello re-evaluated him as "high risk medical." Later, he reclassified him as "medium risk" on September 3, 2013 and "low risk" on December 3, 2013. Plaintiff alleges that this change shows deliberate indifference. (*Id.*)

Nearly two years later on August 19, 2015, Plaintiff filed a grievance. (*Id.* at 6-7, 13, 15.) Plaintiff complained that he saw Dr. Francis about his foot pain, swelling and tingling while in Ad-Seg and requested shoe inserts. Dr. Francis responded that she didn't "think I need them" and "didn't see an order for them." (*Id.* at 13, 15.) Dr. Francis claimed to have checked the computer back to 2012. (*Id.* at 7.) Plaintiff claimed that CSP-LAC had an illegal practice of not honoring medical chronos from other institutions. (*Id.* at 13.)

**At the first level, Dr. Swaby** saw Plaintiff on September 24, 2015, and asked him to lean back on his heels, lean forward on his toes, and touch his toes. Swaby did no other examination and did not look at records to see that plaintiff's feet and legs had been swelling up. "Swaby was not being truthful when he said my gait wasn't impaired." (*Id.* at 7, 10.) "[O]nly another neurologist should've interviewed me." (*Id.*) Swaby partially granted the appeal. Swaby found no medical necessity for inserts because plaintiff's feet were within normal limits with no swelling, he was able to walk on his heels and toes, and straight leg raising was normal. Swaby ordered an x-ray of the lumbosacral spine and prescribed Motrin for pain. (*Id.* at 10.) **At the second level, Dr. Morris** "falsely said there is no additional clinical information to modify the decision regarding shoe insoles at the first level." Morris falsely stated that Plaintiff is "able to perform all of my activities of daily living, ambulate without difficulty (clearly not true) and that my feet have no deformities, [and] I have no . . . necessity for shoe inserts." (*Id.* at 7-8.) Morris partially granted the appeal and reordered a lumbar spine X-ray on November 20, 2015. (*Id.* at 11-12.) **Plaintiff alleges Dr. Finander**, as Chief Medical Executive, failed to check his file for a shoe-insert chrono. (*Id.* at 7.)

LEGAL STANDARD: EIGHTH AMENDMENT DELIBERATE INDIFFERENCE

**To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege acts or omissions that constitute deliberate indifference to his known serious medical needs.** *See Helling v. McKinney*, 509 U.S. 25, 32 (1993). **First, plaintiff must show a serious medical need by alleging that failure to treat his condition could result**

3

**in significant injury or unnecessary wanton infliction of pain**. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Indications of such a need include "[t]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled o.g. by WMX Techs. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). **Second, plaintiff must show that each defendant's response was deliberately indifferent.** *Id.* He must allege, as to each, (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122. Deliberate indifference may be manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Hutchinson v. US*, 838 F.2d 390, 394 (9th Cir. 1988).

A defendant, however, must purposefully ignore or fail to respond to a plaintiff's pain or serious medical needs; he must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "difference of opinion between a physician and the prisoner — or between medical professionals" as to "what medical care is appropriate" is not evidence of deliberate indifference. *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (citation omitted); *see also Coley v. Casim*, 473 Fed. App'x 692, 693 (9th Cir. 2012) (disagreement with diagnosis or course of treatment is not sufficient for deliberate indifference). Mere allegations of improper treatment or diagnosis "cannot support a deliberate indifference claim because they amount to a claim of negligence." *Wilhelm*, 680 F.3d at 1116; *see also Gonzales v. Ayers,* 508 Fed. App'x 640, 641 (9th Cir. 2013).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

4

Analysis:  Ramsey Fails to State a Claim Against Chin Based on Shoe Inserts

**Dr. Chin is named in the caption, but** the complaint contains no allegations against Chin; he is mentioned only as a reviewer at the first level of grievance review. (Comp at 13.) Vicarious liability is not available under 1983, *Peralta*, 744 F.3d at 1085, and the fact that Chin signed as a reviewer is not sufficient, *id.* at 1086. Plaintiff must allege facts indicating that Chin knew of and disregarded an excessive risk to his health or safety. A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Analysis:  Ramsey Fails to State a Claim Against Finander Based on Shoe Inserts

**Next, plaintiff alleges that Dr. Finander is the Chief Medical Executive ("CME") at CSP-LAC who "should've check[ed] my file" and found "that I indeed had a prescription for the insoles."** (Comp at 7.) Plaintiff has not stated a claim against Finander. Even assuming Finander is the CME, plaintiff cannot state a claim against Finander based on vicarious liability. *Peralta*, 744 F.3d at 1085. In any event, attachments to the complaint (Comp at 12) state that Dr. *Morris* is the CME. There is no mention of Finander in the grievance process, nor any indication that he had any knowledge of or involvement in plaintiff's care. *Id.* at 1087.

To the extent that plaintiff seeks to impose liability upon Finander as a supervisor, plaintiff must allege a causal connection between Finander's wrongful conduct and the violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The causal connection may be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, that the supervisor knew or reasonably should have known would cause constitutional injury. *Id.* at 1207–08. A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of subordinates; for acquiescence in the constitutional deprivation; or for conduct that showed reckless or callous indifference to the rights of others. *Id.* at 1208. The complaint

does not allege facts tending to show such a connection.

Analysis: Ramsey Fails to State a Claim Against Morris et al. Based on Shoe Inserts

**As to Doctors Morris, Francis, Swaby, Marcello and Wu, a difference of opinion between medical professionals concerning what medical care is appropriate does not amount to deliberate indifference.** *Snow*, 681 F.3d at 987. "[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). When a physician "based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Allegations of malpractice are also insufficient. *Id.*

"To show deliberate indifference, the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Snow*, 681 F3d at 988 (quoting *Jackson*, 90 F.3d at 332).

Plaintiff alleges facts showing differences of medical opinion among medical professionals, and between Plaintiff and these physicians, as to medical care. Plaintiff complains that these physicians did not follow the chrono he received at Calipatria and instead either issued chronos that excluded shoe inserts or denied his grievances to obtain inserts. (Response at 1-2.) Plaintiff alleges that the absence of inserts has led to more problems with his feet, legs and back. (*Id.* at 2.) Plaintiff also alleges that his categorization as low, medium, and high medical risk changed over time. These allegations are insufficient. *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (same); *Harris v. Abdou*, 2012 U.S. Dist. LEXIS 178248, *9 (E.D. Cal. Dec. 17, 2012) (allegation that defendants refused to continue medical chrono, without more, indicated difference of medical opinion and not deliberate indifference).

To state a claim, Plaintiff must allege facts, as to each defendant, that the denial of

inserts was medically unacceptable under the circumstances, i.e., that he was denied inserts without a medical justification or for a non-medical reason. *Jackson*, 90 F.3d at 332; *see Rosati v. Igbinoso*, 791 F.3d 1037, 1039-40 (9th Cir. 2015) (blanket denial of transgender surgery based on administrative policy); *Randolph v. Nix*, 2013 U.S. Dist. LEXIS 124791, *7-*8 (E.D. Cal. Aug. 30, 2013) (denial of chrono without medical justification and without exercise of medical judgment). Plaintiff must also allege facts showing that each defendant chose a course of conduct in conscious disregard of an excessive risk to Plaintiff's health. *See, e.g., Whitney v. Walker*, 631 Fed. Appx. 493, 494 (9th Cir. 2016) (affirming dismissal).

<u>Analysis: Plaintiff Fails to State A Claim Based on Denial of MRI and Tests</u>

Plaintiff requests an MRI on his back and tests on his feet and legs to find out the cause of tingling and numbness. *See* Comp. at 9. The complaint does not allege facts against any defendant regarding deliberate indifference to these medical needs; it alleges that plaintiff was given a blood test for diabetes and other blood panels to find the cause. (*Id.* at 7.) Plaintiff must satisfy the standards above if he intends to state a claim against any defendant for deliberate indifference to serious medical needs involving his back or tingling/numbness in his feet.

## ORDER

The complaint is **DISMISSED without prejudice.**

**No later than Monday, June 19, 2017, plaintiff MAY FILE a First Amended Complaint** that corrects the deficiencies described above. Failure to file a timely amended complaint that corrects the deficiencies may result in dismissal of the action *with* prejudice and entry of final judgment in favor of defendants and against plaintiff Ramsey.

**If Plaintiff chooses to file a First Amended Complaint**, it must bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and

7

of itself without reference to the original complaint, attachments, or other documents.[1]

**The Clerk SHALL PROVIDE Plaintiff with a prisoner civil-rights packet.[2]**

**IT IS SO ORDERED.**

Monday, May 15, 2017

_____

**Honorable Valerie Baker Fairbank**

**Senior United States District Judge**

---

[1] "'All causes of action which are alleged in an original complaint which are not alleged in an amended complaint are waived.'" *Hall v. Frauenheim*, 2017 WL 896306, *3 (E.D. Cal. Mar. 6, 2017) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)), *appeal filed*, No. 17-15669 (9th Cir. Apr. 10, 2017).

[2] *See, e.g., Rivera v. Holencik*, 2009 WL 4823370, *1 (C.D. Cal. Dec. 8, 2009) (Virginia Philips, J.) ("The Court gave Petitioner specific instructions and provided him with a Prisoner Civil Rights Packet. He was ordered to file a First Amended Complaint ('FAC') within thirty days of the Order, . . . .").